UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY McCLENDON, #186015,

                    Petitioner,                           Case No. 15-cv-13699

v.                                                        Honorable Thomas L. Ludington

RANDALL HAAS,

                    Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS
CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, DENYING
PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Anthony McClendon, incarcerated at the Macomb Correctional Facility in New
Haven, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In
his pro se application, Petitioner challenges the Michigan Parole Board's refusal to grant him
parole from his July 26, 2005 Wayne Circuit Court conviction for assault with intent to do great
bodily harm. Mich. Comp. Laws § 750.84. Petitioner was sentenced to a term of 3-to-10 years
for the conviction. Petitioner is also still serving a 16-to-30 year term of imprisonment for his
June 22, 1988 Jackson Circuit Court conviction for second-degree murder. Mich. Comp. Laws
§ 750.316. The two sentences are being served consecutively. The petition for writ of habeas
corpus will be summarily dismissed because Petitioner has no constitutional right to be released
on parole.

**I.**

Petitioner has been considered for but denied parole on numerous occasions. On June 30,
2004, Petitioner was considered for parole. Parole was denied. The decision denying parole

indicates that the reasons for the denial included: an assault involving a dangerous weapon, the crime was substance-abuse related, the crime involved a loss of life, and Petitioner minimized his responsibility. The decision also noted that Petitioner has a criminal history including prior assaultive and sexual crimes, that he received misconduct citations while incarcerated, and that he has a long history of substance abuse. *See* Pet'r's Pet. for Habeas Corpus 23-24, ECF No. 1.

In 2005, while Petitioner was in prison for his 1988 second-degree murder conviction, he assaulted a member of the prison staff and subsequently pled guilty to the assault charge.

Petitioner was next denied parole on January 31, 2008. This decision denying parole lists many of the same reasons for denial as the prior decision denying Petitioner parole. It also referred to his assault conviction and his current behavior as requiring placement at a facility in a maximum security level. *Id*. at 27-28. Petitioner was thereafter denied parole on another five occasions. Each decision denying parole recited essentially the same reasons for denial, but noted additional troubling facts such as that Petitioner "has become progressively more dangerous." *Id*. at 48-49.

Petitioner enumerates eight claims in his petition for habeas relief:

I. Petitioner is being confined in Level II when in fact Petitioner is required to be in community status.

II. The brief reasons provided by the Parole Board do not constitute substantial and compelling reasons for denying parole.

III. The parole was denied without giving Petitioner an interview.

IV. Petitioner's mental health status was used against him in violation of the Americans with Disabilities Act.

V. Petitioner's criminal record variables were used to improperly deny parole.

VI. The parole board relied on false information regarding his psychological diagnosis.

- 2 -

VII. The parole board considered a juvenile record that the state court ordered expunged.

VIII. The parole board violated state law by conducting interviews before two board members rather than the entire board.

## II.

Petitioner fails to state a claim upon which habeas relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts may dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A habeas corpus petition is legally insufficient if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2254*ff*.

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).  Because Petitioner has no constitutional right to be paroled, the denial of parole cannot form the basis for a grant of habeas relief.

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan parole system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the

conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan parole system. *Glover v. Mich. Parole Bd.*, 460 Mich. 511, 596 N.W.2d 598, 603-04 (Mich. 1999).

Petitioner's assertions that the parole board relied on false or improper information to deny his parole also does not raise a meritorious federal claim. Because Petitioner has no liberty interest in being paroled, he cannot show that the false information was relied upon to a constitutionally significant degree. *See Caldwell v. McNutt*, 158 Fed. Appx. 739, 2006 WL 45275, at *1 (6th Cir. 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, 111 F. App'x 415, 2004 WL 2203550, at *2 (6th Cir. 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *Carson v. Little*, 875 F.2d 862, 1989 WL 40171, at *1 (6th Cir. 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Nor does the fact that the parole board considered Petitioner's mental illness create a viable claim. *See Coleman v. Martin*, 363 F. Supp. 2d 894, 902 (E.D. Mich. 2005) ("The state may also consider the effect of mental illness on an inmate's ability to adjust and adapt upon release from incarceration.").

Because Petitioner has not served his maximum sentence, he has no reasonable expectation of liberty. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure to grant Petitioner parole, therefore, implicates no federal right. In the absence of a liberty interest, Petitioner's habeas application fails to state a claim.

**III.**

The petition for a writ of habeas corpus will be denied. Petitioner will also be denied a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Because Petitioner does not have a protected liberty interest in being granted parole, he has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on this claim. *See Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d 1025, 1025-1027 (7th Cir. 1998). The Court will also deny Petitioner leave to proceed *in forma pauperis* on appeal because the appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

- 5 -

**IV.**

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED with prejudice**.

It is further **ORDERED** that a Certificate of Appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: October 23, 2015                             s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2015.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---